**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7118

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIBEL CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Henry M. Herlong, Jr., District Judge.  (CR-01-56; CA-04-747-4-20)

Submitted:  March 18, 2005           Decided:  April 14, 2005

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Tibel Clark, Appellant Pro Se.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tibel Clark appeals from the district court's orders denying relief on his motion filed under 28 U.S.C. § 2255 (2000) and denying his motion for reconsideration. The district court has granted a certificate of appealability as to Clark's argument that he was denied the effective assistance of counsel when counsel failed to argue that one of Clark's prior convictions was not for a crime of violence, and therefore was erroneously counted as a predicate offense to his career offender enhancement. U.S. Sentencing Guidelines Manual § 4B1.1 (2000).

The statute under which Clark was convicted, entitled "Felonious Assault," provides in pertinent part:

    (A) No person shall knowingly do either of the following:

    (1)   Cause  serious  physical  harm  to  another  or  to
          another's unborn;

    (2)   Cause or attempt to cause physical harm to another
          or to another's unborn by means of a deadly weapon
          or dangerous ordnance.

Ohio Rev. Code Ann. § 2903.11(A) (Anderson 1996). Although Clark was originally charged with aggravated felonious assault with a firearm, the offense to which he pled guilty did not include the aggravated nature of the offense and also deleted the reference to the firearm. However, by its terms, § 2903.11 is a crime that involves the causing of serious physical injury or the attempt to cause physical injury by use of a deadly weapon. Thus Clark's prior conviction under this statute constitutes a crime of violence

- 2 -

under USSG § 4B1.1.  See USSG § 4B1.2, comment. (n.1); United States v. Pierce, 278 F.3d 282, 288-89 (4th Cir. 2002); see also USSG § 4B1.2(a)(2) (defining crime of violence to include any offense "that presents a serious potential risk of physical injury to another").

Because the statute under which Clark was convicted categorically constitutes a crime of violence, any objection by counsel to counting this conviction as a crime of violence would have been futile.  Thus, Clark cannot show that he was prejudiced by any deficiencies in counsel's performance.  See Strickland v. Washington, 466 U.S. 668, 688-89, 694 (1994).  Accordingly, we affirm the district court's denial of relief on this claim.

With regard to the other issues Clark seeks to argue on appeal, an appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee,

252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Clark has not made the requisite showing. Accordingly, we decline to expand the certificate of appealability beyond that granted by the district court, we deny a certificate of appealability, deny Clark's motion for appointment of counsel, and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART